## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 27 2015, 9:10 am
*Kevin S. Smith*
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Amanda O. Blackketter<br>Blackketter Law, LLC<br>Shelbyville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio L. Chandler,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 27, 2015<br><br>Court of Appeals Case No.<br>73A04-1502-CR-62<br><br>Appeal from the Shelby Superior Court<br><br>The Honorable David N. Riggins, Judge<br><br>Trial Court Cause No.<br>73D02-1408-F6-52 |

**Pyle, Judge.**

# Statement of the Case

Appellant/Defendant, Antonio L. Chandler ("Chandler"), appeals his sentence for his conviction of Level 6 felony theft.[1]  Chandler was convicted pursuant to a guilty plea and then sentenced to two years executed in the Department of Correction.  At the sentencing hearing, the trial court told Chandler that he had saved himself a year off of the maximum sentence possible as a result of pleading guilty.  On appeal, Chandler now argues that the trial court erred in sentencing him because this oral sentencing statement conflicted with the trial court's written statement because his sentence of two (2) years was not one (1) year less than the maximum sentence he could receive.  Also on appeal, Chandler asks us to revise his sentence under Appellate Rule 7(B).  We affirm because we conclude that the trial court intended to sentence Chandler to two (2) years and because his sentence was not inappropriate.

We affirm.

# Issues

1.  Whether the trial court's oral sentencing statement conflicted with its written sentencing statement such that it erred in sentencing Chandler.

2.  Whether Chandler's sentence is inappropriate in light of the nature of his offense and his character.

---

[1] IND. CODE § 35-43-4-2(a)(1)(C).  Chandler was also convicted of Class A misdemeanor false informing but does not appeal his sentence for that conviction.

# Facts

On January 13, 2015, the trial court held a guilty plea hearing, and Chandler pled guilty to Level 6 felony theft and Class A misdemeanor false informing. In exchange for his guilty plea, the State dismissed its remaining charge against him—Class A misdemeanor theft—and agreed to leave sentencing to the court's discretion.

At the hearing, Chandler established the factual basis for his convictions, which was that he had been at a casino on the day of his offenses when two girls handed him a wallet that they had found on the floor. He admitted that he took the wallet and walked out of the casino with it. He also admitted that he later lied to the police during their investigation and told them that he had given the wallet to an Indiana State Trooper at a gas station.

That same day, the trial court conducted a sentencing hearing. The State presented evidence at the hearing that Chandler had a criminal history and had been on work release, serving a sentence for a previous auto theft conviction, when he had committed the instant offenses. Based on these factors, the State recommended that the trial court sentence Chandler to two (2) years executed. Chandler acknowledged his criminal history but requested a sentence of two (2) years, with one (1) year suspended to probation.

The trial court reviewed Chandler's criminal history and agreed with the State's recommendation. It sentenced Chandler to two (2) years for his theft conviction and one (1) year for his false informing conviction and ordered the

sentences to be served concurrently. In its oral sentencing statement, the court said:

> And these are all crimes of character in my opinion. You're a thief. It sounds hard, but that's what you are. You do, you take things that don't belong to you. You're dishonest. . . . And I've got to change your behavior and I think [the State's] recommendation is, is reasonable. So, that's what I'm gonna do. I find your aggravating circumstances to be your prior criminal history. I find the fact that you were on a criminal sentence apparently with community corrections at the time this occurred is an aggravator. So, I'm [going to] impose a two year sentence all executed at the Shelby County Jail and I'm not [going to] put you on probation.

(Tr. 24-25). Subsequently, after informing Chandler of his right to an appeal, the trial court also stated: "I appreciate you pleading guilty. I'd have maxed you out if you hadn't. Okay? You saved yourself a year because you pled guilty[,] and I think I have to acknowledge that . . . ." (Tr. 27).

[7] Chandler now appeals his sentence. We will provide additional facts as necessary.

## Decision

[8] On appeal, Chandler raises two issues. First, he argues that the trial court erred in sentencing him. According to him, the court's oral sentencing statement that he "saved" himself "a year" from the maximum by pleading guilty conflicted with its written sentencing statement sentencing him to two (2) years as the maximum sentence for a Level 6 felony was two and one half (2½ years). (Tr.

27). He claims that the trial court's oral statement indicated its true intent to sentence him to a year less than the maximum. Second, Chandler asks us to revise his sentence under Appellate Rule 7(B) based on the nature of his offense and his character. We will address each of these arguments in turn.

## 1. Oral Sentencing Statement

With respect to Chandler's first argument, generally, sentencing determinations are within the trial court's discretion, and we review a sentencing decision only for an abuse of discretion. *McElroy v. State*, 865 N.E.2d 584. 588 (Ind. 2007). We will find that a trial court has abused its discretion when its decision is "'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

Here, Chandler argues that the trial court's oral statement that it intended to save him a year off of the maximum sentence conflicted with the trial court's written statement sentencing him to two years. When a trial court's oral and written sentencing statements seem to conflict, we will examine both statements to discern the findings of the trial court. *Id.* Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written statement. *Id.* We have the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id.*

[12] In support of his argument, Chandler notes that he committed his offenses on July 17, 2014, which was only slightly more than two weeks after our legislature amended the statutory sentencing scheme. Prior to July 1, 2014, Chandler's offense would have qualified as a Class D felony, which carried a maximum sentence of three (3) years. I.C. § 35-50-2-7. After July 1, his offense became a Level 6 felony, which carried a maximum sentence of only two and one half (2½) years. As a result of this change, Chandler posits that the trial court intended to sentence him to a year less than the maximum and mistakenly considered the old Class D felony maximum rather than the statutory maximum in effect.

[13] However, even though there had been a recent statutory change and it seems like the trial court's oral sentencing statement conflicted with its written statement, we conclude that the trial court's intent was to sentence Chandler to two (2) years, not to sentence him to one (1) year less than the statutory maximum. The State recommended a sentence of two (2) years executed, and the trial court said that it thought the State's recommendation was "reasonable" and so that was what it was "[going to] do." (Tr. 25). In addition, there is a plausible explanation that would reconcile the trial court's statements with a two year sentence: the trial court sentenced Chandler to two (2) years for the Level 6 felony and one (1) year for the Class A misdemeanor, but ordered them to be served concurrently. When the trial court stated, "I'd have maxed you out if you hadn't [pled guilty]," Tr. at 27, before stating the guilty plea had "saved" him one year, *id.*, the trial court could have been referring to the

possibility of ordering those sentences to be served consecutively, which would have been within its discretion and which would have resulted in a three (3) year sentence. *See* I.C. § 35-50-1-2(C). By ordering them to be served concurrently instead, the trial court acknowledged Chandler's plea of guilty and reduced the sentence by one year. Accordingly, we do not find merit in Chandler's argument that the trial court intended to sentence him to one and one half (1½) years.

### 2. Inappropriate Sentence

[14] Next, Chandler asks us to revise his sentence under Appellate Rule 7(B) in light of the nature of his offense and his character. Specifically, he argues that his sentence was inappropriate in light of the nature of his offense because, even though he took the wallet, he did not plan the offense in advance or threaten or harm anyone in its commission. He also argues that there was no evidence that he realized the wallet was not his own. As for his character, Chandler notes that he had been convicted of a crime only once in the previous ten years, and he also argues that the trial court should have considered other aspects of his character, including that he served in the United States Army in Iraq for three years, that he was a disabled veteran that became addicted to pills but was rehabilitated, and that he had been employed.

[15] Pursuant to Appellate Rule 7(B), a reviewing court may revise a sentence if, "after due consideration of the trial court's decision," it finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Childress v. State*, 848 N.E.2d 1073, 1079-80 (Ind. 2006) (quoting App.

R. 7(B)). Although this Court is not required to use "great restraint," we nevertheless exercise deference to a trial court's sentencing decision, both because Appellate Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making decisions. *Stewart v. State*, 866 N.E.2d 858, 865-66 (Ind. Ct. App. 2007). The "principal role of appellate review should be to attempt to leaven the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In addition, the defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

[16] The sentencing range for Level 6 felony theft is six (6) months to two and one half (2½) years, with an advisory sentence of one (1) year. Because Chandler was sentenced to two (2) years, he received a higher sentence than the advisory amount.

[17] However, in spite of the fact that Chandler's sentence was higher than the advisory sentence, we disagree that it was inappropriate because his character, alone, supported his sentence. *See Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (stating that revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character). Chandler had several prior criminal convictions, including convictions for Class D felony intimidation, Class B misdemeanor invasion of privacy, Class D felony auto

theft, Class D felony attempted auto theft, Class A misdemeanor carrying a handgun without a license, and he also had three prior convictions for Class C felony forgery. Contrary to Chandler's arguments, it is apparent that more than one of these convictions occurred in the last ten years. In addition, Chandler was on work release serving a sentence for auto theft when he committed the instant offenses, and, as the trial court noted, he has had other theft offenses. Based on these factors, we decline to revise Chandler's sentence under Appellate Rule 7(B).

[18] Affirmed.

Vaidik, C.J., and Robb, J., concur.